ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDDLY JOSEPH,<br><br>Defendant. | CR 23-25-M-DWM<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

EDDLY JOSEPH comes before the Court for sentencing on a single count of wire fraud in violation of 18 U.S.C. § 1343. He faces a maximum of 20 years imprisonment followed by up to three years of supervised release. The United States Probation Office has calculated a Guidelines range of 46-to-57 months (Total Offense Level 22; Criminal History Category II).

Mr. Joseph has no objection to the Presentence Investigation Report. He files this sentencing memorandum in support of his request for a below-Guidelines sentence.

## ARGUMENT

**A.    The Guidelines and relevant sentencing statutes.**

In fashioning a reasonable sentence that comports with the sentencing factors in 18 U.S.C. § 3553(a), the starting point is the Guidelines calculation. *United States v. Zavala*, 443 F.3d 1165, 1168-69 (9th Cir. 2006). Once the proper Guidelines benchmark has been calculated, the sentencing court must consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 48-51 (2007); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (*en banc*). The sentencing court enjoys broad discretion to consider, without limitation, any information concerning the background, character, and conduct of the defendant in imposing a reasonable sentence. *Pepper v. United States*, 562 U.S. 476, 488-489 (2011).

Although the Guidelines range "should be the starting point and the initial benchmark," a district court may not presume that the Guidelines range is reasonable. *Gall*, 552 U.S. at 48; *Carty*, 520 F.3d at 991. Nor are "extraordinary" circumstances required to justify a non-Guidelines sentence. *Gall*, 552 U.S. at 47. The Guidelines are to be given no greater weight than any other § 3553(a) factor.

*Gall*, 552 U.S. at 45-46, 48-51; *Carty*, 520 F.3d at 991. The sentence is ultimately reviewed for abuse of discretion and the appellate court cannot apply a presumption of unreasonableness to a sentence outside the Guidelines range. *Gall*, 552 U.S. at 50-51.

**B.    Mr. Joseph's personal history and characteristics support the request for a sentence below the advisory Guidelines.**

Eddly Joseph grew up in Haiti. PSR ¶ 63. Raised by his father's family, he experienced abuse and neglect – "third world excitement" – until his mother was able to bring him to the United States. PSR ¶ 63. Mr. Joseph is 43 years-old and has no children. PSR p. 3; ¶ 64. Mr. Joseph maintains close relationships with his sisters, particularly with his sister Edelin. PSR ¶ 62. He has been living in Edelin's home in Florida while on pretrial release and has complied with all release conditions. PSR ¶ 11. Mr. Joseph is generally in good mental and physical health but was recently diagnosed with Type 2 Diabetes. PSR ¶ 67.

Mr. Joseph obtained a bachelor's degree in marketing / advertising at Florida Atlantic University. PSR ¶ 76. He has a good employment history; his longest period of employment was with Wells Fargo where he worked as a bank teller. PSR ¶ 83.

## C. Mr. Joseph played a relatively minor role in a larger and more complex scheme.

Mr. Joseph has received a Chapter 3 role adjustment. PSR ¶ 43; PSR Addendum. Still, his very limited role in the offense conduct further justifies a statutory variance. Mr. Joseph was arrested in Montana on March 5, 2023 as part of the attempt to receive a second payment of $50,000 from one of the victims, M.A., that was overseen and orchestrated by FBI agents. *See* PSR ¶¶ 22-23. Mr. Joseph is not "Richard" and was not in Montana to receive the first payment of $150,000 from M.A. on February 25, 2023. PSR ¶ 16. There is some evidence of Mr. Joseph's broader role in cashing checks from victims in a Unis Consulting account. *See*, *e.g.*, PSR ¶ 27. But his direct participation in the Montana portion of the scheme was limited to an unsuccessful attempt to act as the bagman receiving M.A.'s second payment.

Finally, Mr. Joseph has agreed to shoulder a significant restitution obligation despite his limited role in the overall offense conduct. PSR ¶ 101. The Ninth Circuit Court of Appeals has observed that "the district court's goal of obtaining restitution" pursuant to 18 U.S.C. § 3553(a)(7) is "better served by a non-incarcerated and employed defendant." *United States v. Rangel*, 697 F.3d 795, 803-04 (9th Cir. 2012) (quoting *United States v. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2006) (en banc)).

RESPECTFULLY SUBMITTED this 5th day of December, 2023.

        EDDLY JOSEPH

        /s/ Andrew Nelson
        ANDREW NELSON
        Assistant Federal Defender
        Federal Defenders of Montana
           Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2__ | CM-ECF |
| _____ | Hand Delivery |
| __3__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. RYAN G. WELDON
   Assistant U.S. Attorney
   Counsel for the United States of America

3. EDDLY JOSEPH
   Defendant

By: /s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant